IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| STEFANIE BOHRER | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Case No. 03-3068-CV-S-DW |
| | § | |
| AMERICAN COLLEGE OF FORENSIC | § | |
| EXAMINERS, INC. and | § | **JURY TRIAL DEMANDED** |
| **Serve Registered Agent:** | § | |
| Mr. Joshua Roberts | § | |
| 2101 West Chesterfield Blvd. A-201 | § | |
| Springfield, MO 65807 | § | |
| | § | |
| ROBERT O'BLOCK | § | |
| **Serve at:** | § | |
| 2750 E. Sunshine | § | |
| Springfield, MO 65804 | § | |
| | § | |
| Defendants. | § | |

## COMPLAINT

**COMES NOW** Plaintiff, Stefanie Bohrer, by and through her undersigned attorneys, and for her Complaint against Defendants, American College of Forensic Examiners, Inc. and Robert O'Block, states and alleges to the Court as follows:

### GENERAL ALLEGATIONS

1. Plaintiff resides in Greene County, Missouri.

2. Defendant, American College of Forensic Examiners, Inc. (hereinafter referred to as "ACFE"), is a Missouri corporation in good standing, doing business in this judicial district in Springfield, Greene County, Missouri, and can be served with process through its registered agent, Joshua Roberts, 2101 West Chesterfield Blvd. A-201, Springfield, Missouri 65807.

3. Defendant Robert O'Block is, and was at all relevant times mentioned herein, a resident of Greene County, Missouri and may be served with process at the address indicated above.

4. Jurisdiction and venue are proper in this Court pursuant to 28 U.S.C. §1331, 28 U.S.C. §1367, and 28 U.S.C. §1391, in that federal questions are involved and because unlawful employment practices and all other relevant tortious conduct occurred within this judicial district.

5. That at all relevant times mentioned herein, Defendant ACFE was an "employer" within the meaning of 42 U.S.C. §2000(e), et. seq., and Chapter 213.010 RSMo. Defendant ACFE employed, and at all relevant times has employed, over fifteen employees and conducts interstate commerce.

6. Defendant ACFE employed Plaintiff from approximately September 2001, through April 11, 2002.

7. On or about April 30, 2002, Plaintiff "dual filed" a Charge of Discrimination with the Missouri Commission on Human Rights ("MCHR") and the Equal Employment Opportunity Commission ("EEOC"), alleging discrimination against Defendants. Plaintiff received her "Notice of Right to Sue" from the EEOC on or about January 14, 2003. Plaintiff received her "Notice of Right to Sue" from the MCHR on November 25, 2002.

8. Plaintiff has filed this Complaint within ninety days of receipt of her right to sue letters.

## COUNT I
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
## SEXUAL HARASSMENT, HOSTILE WORK ENVIRONMENT, QUID PRO QUO AND RETALIATION

**COMES NOW** Plaintiff, Stefanie Bohrer, and for Count I of her Complaint against Defendant, American College of Forensic Examiners, Inc., states, alleges and avers to the Court as follows:

1. Plaintiff restates, realleges and incorporates herein by reference her General Allegations above as if set forth more fully herein.

2. This Count alleges causes of actions against Defendant, American College of Forensic Examiners, Inc., based on a violation of 42 U.S.C. §2000(e) et. seq., Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

3. Plaintiff is a female, a member of a protected class.

4. That at all relevant times Plaintiff met her employer's reasonable expectations in performing her job duties.

5. During Plaintiff's employment she was subjected to sexual harassment and a hostile work environment on a frequent and continuous basis because she was female. Examples of the acts, actions and omissions of Defendant ACFE against Plaintiff include, but are not limited to the following:

   a. Unwelcome comments about parts of the female anatomy;

   b. Unwelcome comments about sexual acts;

   c. Unwelcome and unwanted sexually explicit comments and propositions for sexual favors to Plaintiff; and

3

    d.  Unwanted actual and attempted physical touching of Plaintiff by Defendant Robert O'Block.

  6. Based on the foregoing, Defendant ACFE, through its supervisory employees, intentionally engaged in unlawful employment practices by harassing Plaintiff and subjecting her to a hostile work environment in violation of Title VII.

  7. Plaintiff began a romantic relationship with Defendant Robert O'Block, the sole shareholder and CEO of the Defendant ACFE on or about October, 2001.

  8. When Plaintiff terminated her relationship with Mr. O'Block in February, 2002, she immediately received a reduction in pay, lost her employment benefits, and was required to perform more work.

  9. Furthermore, after Plaintiff terminated her relationship with Defendant Robert O'Block, he:

    a.  made improper comments about her and their relationship to other employees of the Defendant;

    b.  contacted Plaintiff's father and disparaged her character and made other false claims about Plaintiff to her father;

    c.  continued to pursue her and entered her place of residence and physically grabbed her without her consent; and

    d.  constantly threatened to terminate her employment with American College of Forensic Examiners, Inc.

  10. On or about April 11, 2002, Plaintiff was terminated from her employment with Defendant ACFE without cause.

11. All of the aforementioned acts were done in retaliation for Plaintiff terminating her relationship with Mr. O'Block.

12. As a direct and proximate result of the aforementioned unlawful acts, Plaintiff has suffered:

    a. Economic loss in the form of lost wages, including back pay and front pay, lost benefits including all lost fringe benefits, 401K contributions, health insurance, social security contributions, and consequential damages;

    b. Vocational/professional losses in the form of a detrimental job record, loss of employment, career damage, and a diminished career potential; and

    c. Emotional pain, suffering, humiliation, inconvenience, loss of enjoyment of life, and medically diagnosed mental distress in the form of embarrassment, humiliation, depression, and anxiety, medical bills and expenses for treatment for such emotional distress and other damages not yet ascertained.

13. As a further direct and proximate result of Defendant ACFE's unlawful intentional acts, Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, permanent injunction, declaration of rights, all consequential and incidental damages, lost wages and benefits, and her reasonable attorney fees, costs and expenses of this litigation, including expert fees pursuant to the federal laws referred to herein.

14. The sexual harassment and retaliation perpetrated against Plaintiff by Defendant ACFE was intentional, willful, wanton, malicious, and/or outrageous because of Defendant ACFE's evil motive and/or reckless indifference to the federally protected rights of Plaintiff and others, thus entitling Plaintiff to punitive and exemplary damages in the amount of at least $300,000.

**WHEREFORE**, Plaintiff prays for Judgment against Defendant ACFE on Count I of her Complaint for finding that Defendant ACFE has engaged in unlawful employment practices under Title VII of the Civil Rights Act of 1964, as amended, and for specific and general relief as follows:

(a) A permanent injunction enjoining Defendant ACFE and its officers, agents, employees, successors and assigns, and all persons acting in concert or participating with Defendant ACFE, from engaging in any employment practice which discriminates against persons because of sex, or retaliating against persons in any way;

(b) A Judgment for Plaintiff for pecuniary and non-pecuniary actual, compensatory, consequential, and incidental damages relating to the items of damage set forth above;

(c) A Judgment for Plaintiff for punitive and exemplary damages;

(d) An award of all costs and expenses incurred in the prosecution of this matter, including expert fees and a reasonable attorney fee;

(e) An award of all prejudgment interest on back pay as allowed by law; and

(f) and for such other and further relief as the Court deems just and proper in the premises.

## COUNT II
### VIOLATIONS OF THE MISSOURI HUMAN RIGHTS ACT -
### SEXUAL HARASSMENT, HOSTILE WORK ENVIRONMENT, QUID PRO QUO AND RETALIATION

**COMES NOW** Plaintiff, Stefanie Bohrer, by and through her undersigned attorneys, and for Count II of her Complaint against Defendant, American College of Forensic Examiners, Inc, states, alleges and avers to the Court as follows:

1. Plaintiff restates, realleges and incorporates herein by reference each and every allegation set forth in the General Allegations and Count I of her Complaint above, as if set forth more fully herein.

2. This Count alleges causes of action against Defendant, American College of Forensic Examiners, Inc., based on a violation of Chapter 213 of the Revised Statutes of Missouri.

3. Plaintiff is a female, a member of a protected class.

4. That at all relevant times Plaintiff met her employer's reasonable expectations in performing her job duties.

5. During Plaintiff's employment she was subjected to sexual harassment and a hostile work environment on a frequent and continuous basis because she was female. Examples of the acts, actions and omissions of Defendant ACFE against Plaintiff include, but are not limited to the following:

   a. Unwelcome comments about parts of the female anatomy;

   b. Unwelcome comments about sexual acts;

   c. Unwelcome and unwanted sexually explicit comments and propositions for sexual favors to Plaintiff; and

   d. Unwanted actual and attempted physical touching of Plaintiff by Defendant Robert O'Block.

6. Based on the foregoing, Defendant ACFE, through its supervisory employees, intentionally engaged in unlawful employment practices by harassing Plaintiff and subjecting her to a hostile work environment in violation of Chapter 213 RSMo.

7. Plaintiff began a romantic relationship with Defendant Robert O'Block, the sole shareholder and CEO of the Defendant ACFE on or about October, 2001.

8. When Plaintiff terminated her relationship with Mr. O'Block in February, 2002, she immediately received a reduction in pay, lost her employment benefits, and was required to perform more work.

9. Furthermore, after Plaintiff terminated her relationship with Defendant Robert O'Block, he:

    a. made improper comments about her and their relationship to other employees of the Defendant;

    b. contacted Plaintiff's father and disparaged her character and made other false claims about Plaintiff to her father;

    c. continued to pursue her and entered her place of residence and physically grabbed her without her consent; and

    d. constantly threatened to terminate her employment with American College of Forensic Examiners, Inc.

10. On or about April 11, 2002, Plaintiff was terminated from her employment with Defendant ACFE without cause.

11. All of the aforementioned acts were done in retaliation for Plaintiff terminating her relationship with Mr. O'Block.

12. As a direct and proximate result of the aforementioned unlawful acts, Plaintiff has suffered:

a. Economic loss in the form of lost wages, including back pay and front pay, lost benefits including all lost fringe benefits, 401K contributions, health insurance, social security contributions, and consequential damages;

b. Vocational/professional losses in the form of a detrimental job record, loss of employment, career damage, and a diminished career potential; and

c. Emotional pain, suffering, humiliation, inconvenience, loss of enjoyment of life, and medically diagnosed mental distress in the form of embarrassment, humiliation, depression, and anxiety, medical bills and expenses for treatment for such emotional distress and other damages not yet ascertained.

13. As a further direct and proximate result of Defendant ACFE's unlawful intentional acts, Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, permanent injunction, declaration of rights, all consequential and incidental damages, lost wages and benefits, and her reasonable attorney fees, costs and expenses of this litigation, including expert fees pursuant to the federal laws referred to herein.

14. The sexual harassment and retaliation perpetrated against Plaintiff by Defendant ACFE was intentional, willful, wanton, malicious, and/or outrageous because of Defendant ACFE's evil motive and/or reckless indifference to the federally protected rights of Plaintiff and others, thus entitling Plaintiff to punitive and exemplary damages in the amount of at least $300,000.

**WHEREFORE**, Plaintiff prays for Judgment against Defendant ACFE on Count II of her Complaint for finding that Defendant has engaged in unlawful employment practices under Chapter 213 RSMo., and for specific and general relief as follows:

(a) A permanent injunction enjoining Defendant ACFE and its officers, agents, employees, successors and assigns, and all persons acting in concert or participating with Defendant ACFE, from engaging in any employment practice which discriminates against persons because of sex, or retaliating against persons in any way;

(b) A Judgment for Plaintiff for pecuniary and non-pecuniary actual, compensatory, consequential, and incidental damages relating to the items of damage set forth above;

(c) A Judgment for Plaintiff for punitive and exemplary damages;

(d) An award of all costs and expenses incurred in the prosecution of this matter, including expert fees and a reasonable attorney fee;

(e) An award of all prejudgment interest on back pay as allowed by law; and

(f) and for such other and further relief as the Court deems just and proper in the premises.

## COUNT III
## ACTION TO PIERCE THE CORPORATE VEIL

**COMES NOW** Plaintiff, Stefanie Bohrer, by and through her undersigned attorneys, and for Count III of her Complaint against Defendants, American College of Forensic Examiners, Inc. and Robert O'Block, states to the Court as follows:

1. Plaintiff restates, realleges and incorporates herein by reference her General Allegations above, as if set forth more fully herein.

2. That at all times material hereto, Defendant ACFE was represented and operated by Defendant Robert O'Block.

3. That at all times materials hereto, Defendant ACFE was dominated by, and was an alter ego and the instrumentality of Defendant O'Block in that:

10

a. Defendant ACFE paid the personal, nonbusiness expenses of Defendant O'Block and members of his family, girlfriends and employees;

b. The corporate form of Defendant ACFE was disregarded by Defendant O'Block;

c. Defendant O'Block was completely in control of Defendant ACFE and dominated its will to accomplish his personal interests;

d. Corporate assets were commingled with the personal assets of Defendant O'Block;

e. Defendant O'Block used the corporate form of Defendant ACFE to accomplish his own interests without regard to the interest of the corporation;

f. Defendant O'Block owns all or most of the stock of Defendant ACFE; and

g. Defendant O'Block took out huge sums of cash for his own benefit and without regard to services performed for the company.

4. As a result of his dominion, control and use of the corporate form of Defendant ACFE, Defendant O'Block is liable for the torts and conduct of Defendant ACFE.

**WHEREFORE** Plaintiff respectfully requests this Court to enter its Judgment and Order piercing the corporate veil of Defendant American College of Forensic Examiners, Inc. and holding Defendant Robert O'Block personally liable for any judgment entered against Defendant ACFE in Counts I and II of Plaintiff's Complaint, and for such other and further relief as the Court deems just and proper in the premises.

## COUNT IV
## BATTERY AGAINST DEFENDANT ROBERT O'BLOCK

**COMES NOW** Plaintiff, Stefanie Bohrer, by and through her undersigned attorneys, and for Count IV of her Complaint against Defendants, states to the Court as follows:

1. Plaintiff restates, realleges and incorporates herein by reference each and every General Allegation set forth above, and paragraphs 1 through 14 of Count I above, as if set forth more fully herein.

2. Defendant O'Block intentionally grabbed Plaintiff without her consent, forced himself on top of her, put his hands around her neck, and put his penis on her face even though Plaintiff had made it clear that such inappropriate, offensive and harmful touching was unwanted.

3. Defendant O'Block committed these acts on February 8, 2002, and in March, 2002.

4. Defendant O'Block thereby caused physical contact with Plaintiff, which was extremely offensive to Plaintiff.

5. Such contact would be offensive to a reasonable person.

6. Because of such contact, Plaintiff suffered medically diagnosed emotional distress, humiliation, mental pain and anguish, and medical bills for treatment for such emotional distress, and other items of damages not ascertainable at this time.

7. Defendant O'Block's acts as set forth above were intentional, outrageous and done with evil motive, and/or reckless disregard for the rights of Plaintiff and others similarly situated, and beyond all bounds of decency and acceptance in civilized society, and thus, the imposition of punitive damages is appropriate.

**WHEREFORE** Plaintiff prays for Judgment against Defendant O'Block on Count IV of her Complaint in an amount deemed fair and reasonable by the trier of fact, actual damages, special

damages, punitive damages in the amount of $250,000, together with her costs and expenses herein incurred, and for such other and further relief as the Court deems just and proper in the premises.

## COUNT V
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

**COMES NOW** Plaintiff, by and through her undersigned attorneys and for Count V of her Complaint against Defendant Robert O'Block, states and alleges to the Court as follows:

1. Plaintiff restates, realleges and incorporates herein by reference each and every General Allegation set forth above and paragraphs 1 through 14 of Count I above, as if set forth more fully herein.

2. Further, Defendant O'Block wrongfully accused Plaintiff of a crime, specifically, breaking and entering his residence and stealing his personal property.

3. As a result of such wrongful accusations, Plaintiff was required to submit to interrogation from law enforcement officers and undergo polygraph testing.

4. Defendant O'Block knew, or should have known, and realized that his conduct and actions toward the Plaintiff, as set forth herein, involved an unreasonable risk of causing severe emotional distress.

5. Defendant O'Block's acts and conduct toward the Plaintiff constituted extreme outrageous conduct beyond all bounds of decency and intolerable in a civilized society.

6. Defendant O'Block intentionally or recklessly caused Plaintiff severe emotional distress and mental injury that resulted in medically diagnosable harm.

7. Defendant O'Block's conduct was intended to cause extreme emotional distress to Plaintiff and it was done for the purpose of harassment and to injure Plaintiff.

13

8. As a direct and proximate result of Defendant O'Block's actions and conduct, Plaintiff suffered emotional distress, humiliation, pain and anguish, medically diagnosable and ascertainable, and she has incurred medical expenses associated therewith, and other damages not ascertainable at this time.

9. Defendant O'Block acted with actual malice and ill-will towards Plaintiff, or in the alternative, with a cautious and reckless disregard for the rights of Plaintiff or others similarly situated, and therefore, the imposition of punitive damages is appropriate.

**WHEREFORE** Plaintiff prays for Judgment on Count V against Defendant O'Block in an amount deemed fair and reasonable by the trier of fact, actual damages, special damages, punitive damages in the amount of $250,000, together with her costs and expenses herein incurred, and for such other and further relief as the Court deems just and proper in the premises.

## COUNT VI
## PUNITIVE DAMAGES

**COMES NOW** Plaintiff, by and through her undersigned attorneys, and for Count VI of her cause of action against Defendant Robert O'Block, states and alleges to the Court as follows:

1. Plaintiff restates, realleges and incorporates herein by reference each and every allegation set forth above, as if set forth more fully below.

2. That Defendant O'Block has repeatedly engaged in this behavior and conduct with numerous female employees of Defendant ACFE.

3. That Defendant O'Block's conduct as set forth above will continue unless and until punitive damages are awarded against him.

4. That Defendant O'Block's conduct as set forth herein was and is outrageous because of his evil motive or reckless indifference to the rights of others, including the Plaintiff, and therefore,

14

Defendant O'Block should be ordered to pay punitive damages in such sum as will be necessary to punish him and to deter him and others from like conduct.

**WHEREFORE** Plaintiff prays for Judgment on Count VI of her Petition for punitive damages against Defendant O'Block in the amount of $300,000.00, together with her costs herein incurred and expended, and for such other and further relief as the Court deems just and proper in the premises.

### REQUEST FOR JURY TRIAL

Plaintiff hereby requests a jury trial of this matter.

> LOWTHER JOHNSON
> Attorneys at Law, LLC
>
> BY: /s/ Craig F. Lowther
> Craig F. Lowther
> Missouri Bar Number 24937
>
> Randy J. Reichard
> Missouri Bar Number 44560
> 901 St. Louis Street, 20th Floor
> Springfield, MO 65806
> Telephone: 417-866-7777
> Fax: 417-866-1752
> clowther@lowtherjohnson.com
> Attorney for Plaintiff

STATE OF MISSOURI    )
                              ) ss.
COUNTY OF GREENE   )

      I, Stefanie Bohrer, , being of lawful age, and being first duly sworn upon my oath, state that I am the Plaintiff in the above-entitled matter, and that the facts and matters as stated above are true and correct according to my best knowledge, information and belief.

                                            /S/ Stefanie Bohrer
                                          **Stefanie Bohrer**

Subscribed and sworn to before me this 18th day of February, 2003.

                                            /s/ Linda McNabb
                                            Notary Public

My Commission Expires:

February 23, 2003

20603-000